IDAHO COPPER CORPORATION v. CAMPBELL.*

Circuit Court of Appeals, Ninth Circuit.
August 20, 1928.

No. 5119.

1. Libel and slander ⬤⟷107(1)—Rejection of plaintiff's testimony as to its expenditures in developing mines after last defamatory publication held not error.

In libel action by mining corporation against state mining inspector, based on letters and telegrams sent by defendant to Stock Exchange in which company's stock was listed, charging fraud in plaintiff's advertisements in selling its stock, and letter to plaintiff's stockholder containing same charge, in which action principal issue was the truth of such charge, held, that rejection of plaintiff's testimony respecting expenditures made by it in developing its properties after date of last publication complained of, and instructing jury that evidence of expenditures and development after date of first publication could only be considered in connection with last publication, was not error.

2. Appeal and error ⬤⟷1067—Refusal to instruct that publication charging failure to comply with Blue Sky Law was libelous per se held not to require reversal.

In libel action by mining company against state inspector of mines, refusal to instruct that defendant's charge that plaintiff had failed to comply with state Blue Sky Law (Comp. St. Idaho 1919, §§ 5305–5324) was libelous per se held not to require reversal, where burden of plaintiff's argument throughout trial was that it was not required to comply with such law, and there was at least a tacit admission on its part that it had not complied with such law.

In Error to the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Action by the Idaho Copper Corporation against Stewart Campbell. Judgment for defendant, and plaintiff brings error. Affirmed.

Nash Rockwood, of New York City (Andrew F. Burke, of San Francisco, Cal., of counsel), for plaintiff in error.

27 F.(2d)—53

Hawley & Hawley, of Boise, Idaho, for defendant in error.

Before GILBERT, RUDKIN, and HUNT, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment in favor of the defendant in an action for libel. The plaintiff in error is a corporation organized and existing under the laws of the state of Delaware, with an authorized capital of $2,500,000, divided into 2,500,000 shares, of the par value of $1 each. The corporation also authorized a bond issue in the sum of $750,000, and in December, 1924, its stocks and bonds were listed with the Public Service Commission of the state of Massachusetts and on the Boston Curb Exchange.

The property of the corporation consisted largely of mining claims and properties in the state of Idaho. For some time prior to March 24, 1925, the Wall Street Iconoclast carried advertisements giving rather a glowing description of the mining properties of the corporation and recommending its stock to the investing public. As stated by the court below in its opinion on motion for a new trial, the evidence was ample to justify a finding by the jury that the articles published in the Iconoclast were so published with the knowledge and consent, and indirectly by the procurement, of the plaintiff in error.

On March 24, 1925, the defendant in error, as inspector of mines of the state of Idaho, wired the Boston Curb Exchange as follows:

"Advertising matter being circulated in sale of stock is grossly misleading and in conflict with Idaho laws. This department requests that, in behalf of the investing public and the honor of your Exchange, this stock be removed from listing and trading until such time as this company complies with all necessary laws, and until statements relative to the mine are confined to the facts."

On April 14, 1925, the telegram was followed by a letter, which discussed at length reports set forth in the advertisements above referred to, challenging the truth of certain statements contained in such reports, and closing with the following:

"The statements and recommendations concerning the stock and mine of the Idaho Copper Corporation are so grossly misleading and extravagant that they are discrediting the good name of the state. Idaho regrets that your Exchange is being used as a medium of foisting the stock upon the public, and

*Rehearing denied October 1, 1928.

we trust that, in behalf of the honor of the Boston Curb Exchange, you will accede to our request."

This letter was later published in one of the Idaho state papers.

On March 24, 1925, the defendant in error, in answer to an inquiry from one Hawes, a stockholder of the plaintiff in error, wrote the following:

"The South Peacock Mine, which the Idaho Copper Corporation purports to own, is in the Seven Devils district, Adams county, Idaho. There is nothing of record in this department to show that this corporation owns the Iron Dyke or the Red Ledge, although the fraudulent circulars, the Wall Street Iconoclast, which are being distributed to further the sale of this stock, state that this company has purchased the Iron Dyke and is arranging a merger with the Red Ledge. The Iron Dyke Mine is at Homestead, Or.; the Red Ledge mine is in the Seven Devils district, Adams county, Idaho."

The plaintiff in error brought this present action to recover damages for these several publications, claiming that they were false and malicious.

[1] The sole defense relied upon at the trial was the truth of the publications as made. The plaintiff in error offered testimony tending to prove expenditures made by it in the development of its properties after the date of the several publications complained of, but the court refused to admit evidence of such expenditures and development subsequent to the date of the publication of the last letter, and charged the jury that evidence of the expenditures and development subsequent to the date of the first telegram and letter could only be considered in connection with the last publication.

These rulings, as well as the refusal of the court to instruct the jury that the charge made by the defendant in error that the plaintiff in error had failed to comply with the Blue Sky Law of the state of Idaho (Comp. St. 1919, §§ 5305–5324) was libelous per se, are assigned as error. The principal issue in the case was the truth or falsity of the charges contained in the telegram and letters, of which the defendant in error was the author, and these charges had nothing whatever to do with the future development of the mines, or the future expenditures by the plaintiffs in error. The only fraud charged or intimated had to do with the representations contained in the advertising matter circulated by the plaintiff in error, or on its behalf, and its failure to comply with the Blue Sky Law of the state of Idaho, and, while subsequent development and expenses might tend to prove the good faith of the plaintiff in error and its officers, it would have no tendency to prove either the truth of the representations contained in the advertisements or the falsity of the charges preferred by the defendant in error. For these reasons, there was no error either in the rejection of the testimony or in limiting the scope of the testimony admitted.

[2] In the course of the trial, the court below gained the impression that the plaintiff in error based its right of recovery in part upon the ground that it was not required to comply with the Blue Sky Laws of the state of Idaho, and not upon the ground that it had complied therewith, and for that reason the court did not consider that the fact of compliance was in issue. There is much in the record to justify the impression thus gained by the court. The burden of the argument through the trial was that the plaintiff in error was not required to comply with the state law to which the defendant in error referred, and we think there was at least a tacit admission on its part that the state law had not been complied with in fact. For this reason, we do not feel that we would be justified in reversing a judgment, with no other effect than to allow a recovery of merely nominal damages.

The judgment is therefore affirmed.